UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO

CASE NO.: ****

ALAN JOSEPH GOULET,

        Plaintiff,

v.

COLORCRAFT3D, LLC,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff ALAN JOSEPH GOULET by and through his undersigned counsel, brings this Complaint against Defendant COLORCRAFT3D, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff ALAN JOSEPH GOULET ("Goulet") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Goulet's original copyrighted Works of authorship.

2. Goulet founded Umbris Photography in 2004. He was raised in the pacific northwest, before relocating to Central Florida to attend college. Goulet previously held positions including Systems Engineer, Project Manager, Product Manager, Director of Product Management and Vice President of Technology at major companies including BUYPASS (now First Data Resources), Diebold, and American Express. President and Photographer, Goulet's artistic influences include photographers Paul Strand, Gregory Crewdson and Steve McCurry, as well as

artists in other media such as Maxfield Parrish, Salvador Dali, Albrecht Dürer and John Williams Waterhouse.

3. Defendant COLORCRAFT3D, LLC ("ColorCraft") is an exhibit agency that specializes in 3D design, custom exhibits, and display rentals for trade show booths, corporate interiors, branded environments, and mobile marketing campaigns, according to its website. At all times relevant herein, ColorCraft owned and operated the internet website located at the URL https://colorcraft3d.com/ (the "Website").

4. Goulet alleges that ColorCraft copied Goulet's copyrighted Works from the internet in order to advertise, market and promote its business activities. ColorCraft committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the ColorCraft's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. ColorCraft is subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, ColorCraft engaged in infringement in this district, ColorCraft resides in this district, and ColorCraft is subject to personal jurisdiction in this district.

## DEFENDANT

9. ColorCraft3D, LLC is a Florida Limited Liability Company, with its principal place of business at 5728 Major Boulevard, Suite 550, Orlando, FL 32819, and can be served by serving its Registered Agent, Heather U. Ashe at the same address.

## THE COPYRIGHTED WORKS AT ISSUE

10. The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the eleven works of intellectual property at issue in this case, and which are collectively referred to herein as the "Works."

| # | IMAGE | NAME | LICENSE | CERTIFICATE |
|---|---|---|---|---|
| 1. | | Design-Shop-HQ-**sales-area-2** - August 28 2015 | July 9, 2015 (Design Shop) | VA 1-983-552 |
| 2. | | Design-Shop-HQ-**sales-area-1** - August 28 2015 | July 9, 2015 (Design Shop) | VA 1-983-552 |
| 3. | | Design-Shop-HQ-**lobby** - August 28 2015 | July 9, 2015 (Design Shop) | VA 1-983-552 |
| 4. | | Design-Shop-HQ-**fitness-center-blown-windows** - August 28 2015 | July 9, 2015 (Design Shop) | VA 1-983-552 |

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

| 5. | | Design-Shop-HQ-**design-area** - August 28 2015 | July 9, 2015 (Design Shop) | VA 1-983-552 |
|---|---|---|---|---|
| 6. | | Design-Shop-HQ-**conference-room** - August 28 2015 | July 9, 2015 (Design Shop) | VA 1-983-552 |
| 7. | | Design-Shop-HQ-**break-room-a** - August 28 2015 | July 9, 2015 (Design Shop) | VA 1-983-552 |
| 8. | | Design-Shop-HQ-**at-Dusk** - October 16 2015 | July 9, 2015 (Design Shop) | VA 1-983-552 |
| 9. | | Design Shop - **Indian 04** - March 15, 2013 | March 4, 2013 (Indian Motorcycle) | VA 1-893-422 |

| | | | | |
|---|---|---|---|---|
| 10. | | Design Shop - **Indian 05** - March 15, 2013 | March 4, 2013 (Indian Motorcycle) | VA 1-893-422 |
| 11. | | Design Shop - **Indian 07** - March 15, 2013 | March 4, 2013 (Indian Motorcycle) | VA 1-893-422 |

11. Goulet registered the first eight works in the above table with the Register of Copyrights on December 31, 2015, and was assigned registration number VA 1-983-552. Goulet registered the final three works in the above table with the Register of Copyrights on February 17, 2014, and was assigned the registration number VA 1-893-422. The Certificates of Registration are attached hereto as **Exhibit 1**.

12. At all relevant times Goulet was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY COLORCRAFT

13. On July 9, 2015, Goulet, through his licensing company Umbris Photography, LLC, granted a non-exclusive license to non-party DesignShop Properties, LLC ("DesignShop") for its use of eight works of the Works. Goulet granted the non-exclusive license for a five-year term, after which the license would terminate and any usage of the licensed works was to cease. A copy of the July 9, 2015 license is attached hereto as **Exhibit 2**.

14. On March 4, 2013, Goulet granted DesignShop another non-exclusive license through Umbris Photography to use the remaining three works at issue in this case included in the Copyright Registration Number VA 1-893-422, among other non-registered images not at issue here. Goulet granted the non-exclusive license for a ten-year term, after which the license would terminate and any usage of the licensed works was to cease. A copy of the March 4, 2013 license is attached hereto as **Exhibit 3**.

15. Both licenses Goulet granted to DesignShop were non-transferable.

16. Defendant continued to use all of the copyrighted Works beyond the term of their respective licenses, constituting copyright infringement.

17. On a date after the Works at issue in this action were created, but prior to the filing of this action, ColorCraft copied the Works.

18. On or about January 11, 2023, Goulet discovered the unauthorized use of his Works associated with the copyright registration number VA 1-983-552 on the Website.

19. On or about May 30, 2023, Goulet discovered the unauthorized use of his Works associated with the copyright registration number VA 1-893-422 on the Website.

20. ColorCraft copied Goulet's copyrighted Works without Goulet's permission.

21. After ColorCraft copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its exhibit agency business.

22. ColorCraft copied and distributed Goulet's copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

23. ColorCraft committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 4**.

24. Goulet never gave ColorCraft permission or authority to copy, distribute or display the Works at issue in this case.

25. Goulet notified ColorCraft of the allegations set forth herein on February 23, 2023. To date, the parties have failed to resolve this matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

26. Goulet incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

27. Goulet owns valid copyrights in the Works at issue in this case.

28. Goulet registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. ColorCraft copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Goulet's authorization in violation of 17 U.S.C. § 501.

30. ColorCraft performed the acts alleged in the course and scope of its business activities.

31. Defendant's acts were willful.

32. Goulet has been damaged.

33. The harm caused to Goulet has been irreparable.

WHEREFORE, the Plaintiff ALAN JOSEPH GOULET prays for judgment against the Defendant COLORCRAFT3D, LLC that:

    a.    ColorCraft and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b.    ColorCraft be required to pay Goulet his actual damages and Defendant's profits attributable to the infringement, or, at Goulet's election, statutory damages, as provided in 17 U.S.C. § 504;

    c.    Goulet be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d.    Goulet be awarded pre- and post-judgment interest; and

    e.    Goulet be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Goulet hereby demands a trial by jury of all issues so triable.

Dated: September 23, 2025

Respectfully submitted,

*/s/ George N. Colville*
GEORGE N. COLVILLE
Bar Number: 1060046
george.colville@sriplaw.com

**SRIPLAW, P. A.**
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
786.297.8709 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Alan Joseph Goulet*